## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA GAFFNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>SELECT PORTFOLIO SERVICING, INC.<br><br>Defendant. | Civil Case Number: 3:18-cv-12233<br><br>**<u>CIVIL ACTION</u>** |

## <u>CLASS SETTLEMENT AGREEMENT</u>

This Class Settlement Agreement dated as of September ___, 2020 ("Agreement") is made and entered into by and among (i) Plaintiff, Theresa Gaffney, on behalf of herself and each of the Settlement Class members, by and through Class Counsel; and (ii) Defendant, Select Portfolio Servicing, Inc., by and through its counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## <u>RECITALS</u>

1.      Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant"), and Plaintiff, Theresa Gaffney ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 10 (the "Settlement Class"), are collectively referred to herein as the "Parties."

2.      On July 31, 2018, Plaintiff filed a lawsuit against Defendant in the United States

---

[1] As used in this Agreement, the capitalized terms shall have the meanings ascribed to them in this Agreement.

District Court for the District of New Jersey, captioned as *Gaffney v. Select Portfolio Servicing, Inc.* Case No. 3:18-cv-12233-BRM-ZNQ [ECF No. 1] (the "Litigation"). The Litigation alleges that SPS violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"). On August 22, 2018, SPS filed an Answer denying the allegations, denying liability, and asserting various affirmative defenses [ECF No. 4]. On April 8, 2018, Plaintiff filed an Amended Complaint, which added a claim on behalf of a putative New Jersey class [ECF No. 15]. SPS filed an Answer to the Amended Complaint, denying the allegations, denying liability to Plaintiff and the putative class, and asserting various affirmative defenses.

3. On May 1, 2020, after fact and class discovery was complete, the parties participated in a Settlement Conference conducted by Magistrate Judge Zahid N. Quraishi. As a result of an arm's-length negotiation between the Parties' respective counsel at that Settlement Conference, and after conducting an investigation into the facts and law, the Parties agreed on the terms and conditions of this Class Settlement Agreement.

4. SPS has asserted or would assert numerous defenses to the claims and allegations in the Litigation. SPS denies the material allegations in the Litigation, denies any wrongdoing and any liability to Plaintiff or any putative Settlement Class Member, in any amount, in connection with the claims asserted in the Litigation, denies that this Litigation could be maintained as a class action through trial and appeal, and contends that it would prevail in the Litigation.

5. Nevertheless, SPS desires to settle the claims to avoid the additional expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its mortgage statements, all claims which have or could have been asserted by Plaintiff or the Settlement

Class against SPS in the Litigation, and all other claims that are within the scope of the Release herein. By entering this Agreement, SPS does not admit any wrongdoing or that any class could be certified in the Litigation (other than for settlement purposes). Consistent with this, the Parties understand and agree that this Agreement is not (and shall not) constitute an admission of liability by SPS or any admission by SPS that class treatment is or would be appropriate in this or any other matter.

6.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle their claims against SPS, having consulted with Plaintiff's counsel and taken into account the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

7.      Plaintiff's counsel have conducted an extensive investigation of the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel consider it to be in the best interest of the Settlement Class to enter into this Agreement.

8.      In consideration of the foregoing and other valuable consideration, the Parties, through their counsel, agree, subject to the Court's approval, to settle the claims of the Plaintiff and the Settlement Class on the following terms and conditions:

## **TERMS**

9.      **Final Approval Date.** The Final Approval Date means the last date on which all of the following have occurred: (1) the Court enters an order approving the Settlement in a manner substantially consistent with the terms and intent of this Agreement; (2) the Court enters the Final Approval Order approving this Agreement as fair, reasonable, and adequate to the Settlement Class, finding that this Agreement is fair and made in good faith, and dismissing with

prejudice all claims alleged by Plaintiff and the Settlement Class in the Litigation; (3) (a) if the Final Approval Order is not appealed, the expiration of five (5) days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms, or does not alter in a manner that is substantially inconsistent with the Final Approval Order, the Court's Final Approval Order and orders the consummation of the settlement substantially in accordance with the terms and provisions of this Agreement, provided that any change or modification that may increase SPS's liability by more than $1,000 or materially reduce the scope of the Release or of the Settlement Class shall be considered as preventing the occurrence of Final Approval; and (4) no Party with a right to do so has terminated the Agreement.  Nothing in this Section shall be construed to relieve SPS of the obligation to pay for settlement administration costs already incurred.

8. **Class Counsel**.  Class Counsel means the following counsel for the Plaintiff and the Settlement Class:

> Ari H. Marcus, Esq.
> Marcus & Zelman LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
>
> Yitzchak Zelman, Esq.
> Marcus & Zelman LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
>
> Adam Deutsch, Esq.
> Northeast Law Group
> PO Box 60717
> Longmeadow, MA 01106

9. **Defense Counsel**.  Defense Counsel means the following counsel for SPS:

> Thomas M. Hefferon

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
202.346.4029
THefferon@goodwinlaw.com

David S. Kantrowitz
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
617.570.1254
DKantrowitz@goodwinlaw.com

Warren S. Wolf, Esq.
GOLDBERG & WOLF, LLC
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
856.651.1600
WWolf@goldbergwolf.com

10. **Settlement Class**. For the purposes of settlement, the Settlement Class shall be defined as:

All consumers with properties in New Jersey who were 30 or more days past due on their mortgage loans when SPS began servicing their loans, and to whom SPS sent monthly mortgage statements from July 31, 2017 through December 31, 2019, after a foreclosure judgment was entered with respect to their loans, and where the note rate in the monthly statements was in excess of the then-applicable post-judgment interest rate under New Jersey R. 4:42-11.

11. **Maximum Settlement Liability.** SPS's maximum liability under this Settlement shall be $336,000 (the "Total Settlement Amount") plus all the costs associated with class notice and class administration, distributed as follows:

   a. **Class Settlement Amount.** Plaintiff and SPS have agreed that Plaintiff shall propose and SPS shall not object to a "Class Settlement Amount" of $209,624.00. The Class Settlement Amount shall be paid exclusively from, and not in addition to, the Total Settlement Amount. Subject to the approval of the Court, the Class Settlement Amount shall be distributed as follows:

      i. **Class Settlement Fund.** Plaintiff shall propose, subject to the Court's approval, a Class Settlement Fund, to be created by SPS, of $208,624.00, which the Class Administrator will distribute equally among those Settlement Class Members who do not exclude themselves and whose notices are not returned as undeliverable ("Claimants"). All co-borrowers on any account shall be treated as one

Claimant for purposes of the Settlement. Claimants will receive an equal share of the Class Settlement Fund by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance.

    ii. **Class Representative Award.** Plaintiff shall propose, subject to the Court's approval, a Class Representative Award of $1,000.00 in recognition for Plaintiff's services to the Settlement Class.

b. **Class Counsel Attorneys' Fees and Costs.** Plaintiff shall propose, and SPS shall not object, subject to the Court's approval, that Class Counsel receive Attorneys' Fees and Costs in the amount of $126,376.00 for all attorneys' fees, litigation costs and other expenses arising out of or relating the Litigation. The award of attorneys' fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members who are Claimants. Upon SPS's payment of the Attorneys' Fees and Costs amount awarded by the Court to Class Counsel, SPS shall have no further obligation with respect to Class Counsel's attorneys' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member. SPS's maximum potential liability under the Settlement for attorneys' fees, litigation costs, and expenses, except for class administration fees and costs, in the Litigation shall be $126,376.00. In the event that a lawyer, law firm or other person or entity, other than Class Counsel, seeks an award of attorneys' fees, costs, expenses or other sums in connection with the Settlement or Litigation, such appearance or attempt to obtain any award, or the Court's action thereon, shall in no way increase SPS's maximum liability under this Settlement to pay attorneys' fees in excess of the lesser of $126,376.00 or the amount awarded to Class Counsel by the Court for attorneys' fees and litigation costs. Defendant's agreement not to file a written opposition shall not be construed as an admission, agreement, or concession by Defendant that the attorneys' fees or litigation costs applied for by Class Counsel are reasonable and/or appropriate. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Class Counsel Attorneys' Fees and Costs. Class Counsel's Attorneys' Fees and Costs shall be paid exclusively from, and not in addition to, the Total Settlement Amount.

c. **Class Notice and Administration Costs.** Defendant agrees to pay for all costs associated with sending out Class Notice and the settlement checks, and of any class settlement administration charges. These costs will be paid outside and separate from the Class Settlement. The award of fees, costs, and expenses shall be in addition to and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members.

12.    In the event that the Court approves a Class Representative Award that is less than

$1,000 or a Class Counsel Attorneys' Fees and Costs award that is less than $126,376.00, all

other terms of this Agreement shall remain in effect.

13. The amount of any checks to Claimants that have not been cashed by the void date shall be distributed to a *cy pres* recipient approved by the Court.

14. **Prospective Relief**. For no less than three (3) years from the Effective Date of the Agreement, SPS shall insert language in its monthly mortgage statements sent to borrowers as to whom judgments of foreclosure have entered as to their loan substantially to the effect that the interest rate reflected on their monthly mortgage statement reflects the borrower's note rate of interest, and that if a foreclosure judgment has been entered on their account, a different rate of interest may apply. The Prospective Relief agreed to under this section shall not be enforceable by equitable means or by means of contempt of court.

15. Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to exclude themselves from, object to, or file any other submissions concerning the proposed settlement.

16. Any Settlement Class Member may seek to be excluded from the Settlement by opting out within the time period set by this Court ("Opt-Out"). Any Settlement Class Members desiring to exclude themselves from the Settlement must serve copies of the request to the Class Administrator, if any, by the date set by the Court. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by the Release, any prior court order or the terms of the Agreement.

17. Any Settlement Class Member who does not opt-out or exclude themselves from the Settlement may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and SPS's counsel at the addresses set forth in Paragraph 44 of this Agreement within the time period set by the Court. Any

Objection must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property for which a mortgage statement was sent bringing the Settlement Class Member within the scope of the Class; (c) state that the Settlement Class Member objects to the Settlement, in whole or in part; and (d) include a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class or is otherwise not fair, reasonable or adequate. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

18.     **<u>Payment of Settlement Funds</u>**. Within 14 days after the Final Approval Date, SPS shall distribute all monies set forth in Paragraph 11(a)(i) to the Class Administrator for distribution to the Claimants in accordance with the terms of this Agreement. The Class Administrator shall then distribute all such payments and administer the settlement on a reasonable schedule according to the terms of this Agreement. Within 14 days after the Final Approval Date, SPS shall distribute the Class Representative payment and the Class Counsel Attorneys' Fees and Costs payment set forth in Paragraphs 11(a)(ii) and (b) above to Class Counsel in the amounts approved by the Court, provided such amounts do not exceed the limitations set forth in Paragraphs 11(a)(ii) and (b).  In the event the amounts for either or both awards exceed the respective limitations for them set forth Paragraphs 11(a)(ii) and (b), SPS shall not be obligated to pay any amount in excess of the limitations and Plaintiff and Class Counsel agree, upon request from SPS, to execute a release of any obligation of SPS (or any other person or entity) to pay such excess amounts.

19.     The Class Administrator shall not be permitted to distribute more than one check to co-borrowers who are entitled to relief under this Agreement on account of the same

loan, but, in such cases, shall distribute only one check payable jointly to all such Settlement

Class Members on a loan. Plaintiff, Class Counsel, Defendant, Counsel for Defendant, and the

Class Administrator shall have no liability to any co-obligor arising from any claim regarding

the division of the benefits or negotiation of a check among co-borrowers.

20.     **Release**. Upon the Final Approval Date, and in consideration of the promises

and covenants set forth in this Agreement, Plaintiff Theresa Gaffney, and each Settlement Class

Member who does not opt out, and each and every one of their respective spouses, children,

executors, agents, representatives, guardians, wards, attorneys, heirs, estates, bankruptcy

estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all persons who

assert claims (or could assert claims) on their behalf or who are acting on their behalf or for

their benefit (in their capacities as such) (collectively "Releasors"), hereby release and forever

discharge SPS and its past, present, and future directors, officers (whether acting in such

capacity or individually), trustees, owners, joint venturers, members, employers, employees,

partners, principals, agents, shareholders, attorneys, accountants, auditors, insurers, advisors,

personal and legal representatives, assigns and assignees, predecessors, successors, parents,

subsidiaries, divisions, departments, associates, related or affiliated entities, clients, including

without limitation, express or implied, any persons or entities for whom SPS collects debts, or

any agent, independent contractor, attorney, person or entity acting or purporting to act for SPS

or on its behalf or on behalf of any other Released Party (collectively, "Released Parties"), from

any causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands,

in law or in equity, of any kind whatsoever, known or unknown, direct or consequential, which

Releasors now have or ever had against the Released Parties, from any claims that were made

or that could have been made in this Litigation that arise out of or in any way concern the

allegations in the Litigation or the underlying facts and circumstances, including that SPS was seeking to collect an amount not authorized by the mortgage agreement creating the debt or otherwise not permitted by applicable law, for conduct occurring at any time on or before the Final Approval Date of this Settlement Agreement (collectively, "Claims"). The Releasors covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist instituting or prosecuting any proceedings, or otherwise assert any Claims against any Released Party that are within the scope of this Paragraph 20. It is expressly agreed that the definition of Released Parties shall be construed to include any and all note owners, trustees, trusts, and any other entities that have any legal or equitable interest in the debt or loan that Plaintiff or any Settlement Class Member incurred or obtained bringing him, her or them within the scope of this Agreement, including without limitation the debt Plaintiff incurred or obtained on January 24, 2007, secured by the property at 100 Union Grove Road, Far Hills, NJ 07931, or in the security or mortgage lien in connection with the debt or loan.

21.      Upon Final Approval, the Releasors each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the Claims released pursuant to the paragraphs above. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

22.     Whether a beneficiary of California law or otherwise, Plaintiff and each of the Releasors agree and acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the paragraphs above, but each of those individuals expressly agrees that, upon entry of the final judgment, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Paragraph 20 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

23.     **Notice.** Within twenty (20) business days following entry of the Preliminary Approval Order, the Class Administrator shall cause actual notice in the form of Exhibit 1 to be sent to Settlement Class Members (the "Class Notice") using SPS's last known addresses of the Settlement Class Members. The Class Administrator shall distribute the Class Notice via any form of U.S. Mail providing address forwarding. Each Class Notice shall be sent with a request for forwarding address. In the event that a Class Notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned Class Notice to the address provided within a reasonable time. For any notices returned as undeliverable, the Class Administrator shall use the National Change of Address database ("NCOA") in an attempt to obtain better addresses for such returned Class Notices, and should the NCOA show a more current address, the Class Administrator shall post the returned Class Notice to the more current address within a reasonable time.

24.     The Class Notice shall inform each Settlement Class Member of his, her, or their right to request exclusion from the Class and not to be bound by this Agreement, if, within such

time as is ordered by the Court and contained in the Class Notice ("Opt-Out and Objection Period"), the Settlement Class Member validly completes and mails an Opt-Out to the Class Administrator at the address set forth in the Class Notice. For a Settlement Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property for which a mortgage statement was sent bringing the Settlement Class Member within the scope of the Class; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Action (i.e., conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Settlement Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. Statements generally objecting to the Settlement or to specific terms of the Settlement but which do not clearly express an intent to opt out as set forth above are not valid Opt-Outs. In those cases where a Settlement Class Member includes persons who were co-obligors, co-borrowers, or co-applicants on the same Loan, the Settlement Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors or co-applicants elect to opt out. In the event a Settlement Class Member is a Settlement Class Member as to more than one Loan, the Opt-Out may specify that the Settlement Class Member is opting out as to fewer than all Loans made to that Settlement Class Member by expressly stating so in the Opt-Out and specifically identifying the Loans as to which the Settlement Class Member is opting out. In the absence of such specification, the Opt-Out shall be construed as a request to opt-out as to all

of the Settlement Class Member's Loans. No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out Settlement Class Members as a group, aggregate, or class involving more than one Settlement Class Member, or opt-out more than one Settlement Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Settlement Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Settlement Class Member. Opt-Outs for a Settlement Class Member may, however, be prepared and mailed by counsel for that Settlement Class Member, subject to the other limitations of this paragraph. At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendant, and the Class Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Settlement Class Member is a request to Opt-Out.

25. The Class Notice also shall inform each Settlement Class Member that any Settlement Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must, before the end of the Opt-Out and Objection Period, serve a written objection to the Settlement ("Objection") upon Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and file the Objection simultaneously with the Court. Each Objection must set forth the Settlement Class Member's name and a statement of the legal and factual basis for the Objection, and provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her/their position. Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, or as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement.

26.     SPS shall provide notice of this proposed class settlement to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA"), and file proof of same with the Court. The Parties agree that SPS is permitted to provide such notice as required by law and that any notice by SPS shall be prepared to effectuate the Settlement and shall not be considered a breach of this Agreement or any other agreement of the Parties.

27.     **Preliminary Approval**. As soon as practicable after execution of this Agreement, Plaintiff, through Class Counsel, shall make application to the Court for entry of the Preliminary Approval Order, which order shall be substantially in the form of Exhibit 2 hereto, and which:

(a)     Preliminarily approves this Agreement;

(b)     Provisionally certifies the Settlement Class defined in ¶ 10 for settlement purposes only;

(c)     Conditionally appoints Ari Marcus, Adam Deutsch and Yitzchak Zelman as Class Counsel;

(d)     Conditionally appoints Plaintiff, Theresa Gaffney, as the representative of the Settlement Class;

(e)     Sets deadlines for Settlement Class members to opt-out, object, or make other submissions concerning the Settlement;

(f)     Schedules a hearing for final approval of this Agreement which is to occur no fewer than one hundred (100) days from the date the motion for preliminary approval of the settlement is filed with the court (as required by CAFA) ("Final Approval Hearing");

(g)     Approves notice to the Settlement Class, substantially in the form of Exhibit 1 hereto, to be directed to the last known address of the Settlement Class Members as shown in SPS's business records;

(h)     Finds that mailing of the Class Notice and the other notice provisions in Paragraph 23 are reasonable and appropriate, are the only notice required to the Settlement Class, and that such notice satisfies the requirements of due process

pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

28. Plaintiff shall propose, subject to the Court's approval, the form of notice attached hereto as Exhibit 1 and the form of preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the proposed Class Notice or preliminary approval order does not invalidate this Agreement. SPS agrees not to oppose the form of notice, provided it is substantially in the form of Exhibit 1 hereto. SPS agrees not to oppose entry of the preliminary approval order, provided it is substantially in the form of Exhibit 2 hereto. Without implication of limitation, SPS's agreement not to oppose the form of notice and entry of the preliminary approval order shall not be an admission or concession by SPS that the certification of a class was appropriate in the Litigation in the absence of a settlement or would be appropriate in any other matter, and/or that any relief was appropriate in the Litigation in the absence of a settlement.

29. **Final Approval.** At the time appointed by the Court, Plaintiff and Class Counsel shall move the Court for entry of a Final Approval Order:

(a) Finally approving the terms of this Agreement as fair, reasonable, and adequate;

(b) Providing for the implementation of the Agreement's terms and provisions;

(c) Finally certifying the Settlement Class for purposes of settlement only;

(d) Finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e) Finding that all requirements of statute, rule, and state and federal Constitutions necessary to effectuate this Settlement have been met and satisfied;

(f) Entering final judgment of dismissal on the merits with prejudice and without costs in the Litigation; and

(g) Retaining exclusive jurisdiction to enforce the terms and provisions of this

Agreement.

Plaintiff shall propose, subject to the Court's approval, the form of final order attached hereto as Exhibit 3. SPS agrees not to oppose the entry of the Final Approval Order, provided it is substantially in compliance with the terms of this Agreement and the form of Exhibit 3. Without implication of limitation, SPS's agreement not to oppose the entry of the Final Approval Order shall not be an admission or concession by SPS that a class was appropriate in the Litigation in the absence of the Settlement or would be appropriate in any other matter, and/or that any relief was appropriate in the Litigation in the absence of the Settlement or would be appropriate in any other matter. Any required non-substantive changes to the Final Approval Order do not invalidate this Agreement.

30. Any Settlement Class Member who is not a Successful Opt-Out or has filed a timely Objection, and who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and serve the Notice of Appearance and other papers upon Class Counsel and Counsel for the Defendant within the time set by the Court. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection or other paper, but failed to do so unless the Court otherwise directs. Any Settlement Class Member who fails to comply with this Agreement, the Class Notice, and any other order of the Court shall be barred from appearing at the Final Approval Hearing unless the Court otherwise directs.

31. Not later than twenty-one (21) days before the Final Approval Hearing, Class Counsel may, subject to the limitations set forth in Paragraph 11(a) and (b) above, make written

application to the Court for: (i) a Class Representative Award not to exceed $1,000; and (ii) a Class Counsel Attorneys' Fees and Costs Award not to exceed, in the aggregate, $112,250.00. To the extent approved, the Class Settlement Amount and Class Counsel Attorneys' Fees and Costs shall be paid exclusively from, and not in addition to, the Total Settlement Amount.

32. **Miscellaneous Provisions.** Plaintiff and Class Counsel agree to seek approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of SPS of any liability in whole or in part to the Settlement Class, or that certification of a class was appropriate in the Litigation.

33. The Class Administrator's and Defendant's respective obligations with respect to the distribution of the Class Settlement Fund, the Class Representative Award, and Class Counsel Attorneys' Fees and Costs shall be performed reasonably and in good faith. So long as they do so, the Defendant and the Class Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release and any judgment shall be effective as of the Final Approval Date as to Plaintiff, Class Counsel, and every Settlement Class Member (excepting those who are Successful Opt-Outs) notwithstanding any such error and regardless of whether such error is corrected.

34. Class Counsel represents and warrants that they will not actively seek class members that fit within the class definition to pursue individual or class claims against SPS with respect to claims within the scope of the Release.

35. All monies that might in the future be paid to any Settlement Class Member, Class Counsel, or Plaintiff, are not vested, or otherwise monies in which the Settlement Class

Member, Class Counsel or Plaintiff has an enforceable legal, tangible, or intangible interest, and instead shall remain the sole and exclusive property of Defendant unless and until all conditions precedent to payment under this Agreement are met, the monies are paid, and, in the case of a Settlement Class Member, the checks are timely negotiated. In particular and without limitation, any moneys transferred to a settlement fund or funds are solely for administrative purposes and shall not be construed as a surrender by Defendant of such moneys unless and until such moneys are paid out when a check is negotiated, the Class Counsel Attorneys' Fees and Costs, if any, are paid, and the Class Representative Award, if any, is paid. Further, in order to give effect to the Parties' intention, and to the maximum extent permitted by law, no person, entity, or governmental body shall have any rights to checks that are not timely negotiated, to any sum that would have been paid if checks had been timely negotiated, or to any portion of the checks whether claimed, unclaimed, negotiated, or not negotiated, and/or in any sums which might have been paid to Settlement Class Members.

36.     Plaintiff and Class Counsel represent and warrant that, following the Final Approval Date, they will comply with the terms of the Protective Order entered by the Court in the Litigation relating to the return or destruction of all documents and other discovery materials designated as Confidential by Defendant. Plaintiff and Class Counsel further represent and warrant that they will not use or seek to use (a) the discovery obtained in the Litigation and/or (b) the fact or content of the Settlement in the Litigation or in any other claim, action or litigation against any Released Parties (excepting only actions to enforce or construe this Agreement).

37.     This Agreement shall be terminable at the option of the Parties (a) in the event the Court fails to enter the Preliminary Approval Order or Final Approval order above, or does

so in a form materially different from the forms contemplated by this Agreement; or (b) if the total number of Successful Opt-Outs exceeds two hundred (200) Settlement Class Members (collectively, "Termination Options"). In the event a Termination Option arises, either Party shall exercise the option by twenty (20) calendar days after the events giving rise to the termination right or Final Approval. The Agreement also shall be terminable upon the mutual agreement of the Plaintiff and the Defendant.

38.     The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendant and the Released Parties, on the one hand, and Settlement Class Members, on the other hand, in the regular course of Defendant's and the Released Parties' businesses.

39.     No representations or advice regarding the tax consequences of this Agreement have been made by any Party. The Parties further understand and agree that each Party, each Settlement Class Member and each of Class Counsel shall be responsible for his, her, its, or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

40.     The Parties agree that any Settlement Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may only participate in the Settlement subject to applicable bankruptcy law and procedures. Defendant is under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Settlement Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Settlement Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

41.     Under no circumstances shall the Settlement or Agreement or the Release be

deemed to alter, amend, or change the terms and conditions of any mortgage to which any Settlement Class Member is or was a party, or to provide a defense to any such loan, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Settlement Class Member hereto, nor shall it be deemed to alter, amend, or change any defenses any Settlement Class Members may have in any foreclosure proceeding.

42.     Plaintiff and Defendant acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel. The Parties have negotiated and reviewed fully the terms of this Agreement.

43.     This Agreement is entered into only for purposes of settlement. In the event that this Agreement and this Settlement (i) do not receive Final Approval substantially in accordance with the terms of this Agreement, (ii) are terminated, (iii) are canceled, or (iv) fail to become effective for any reason, this Agreement shall become null and void. In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. In addition, in that event, the status of the Action shall revert to the state it was in prior to the Agreement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification in the

absence of the Settlement, and the Parties shall have all rights, claims and defenses that they had or were asserting prior to entering into this Agreement or any predecessor agreement. In addition, in that event, the Total Settlement Amount (including any accrued interest), less any settlement administration costs incurred, shall be refunded to SPS.

44.     Notices of exclusion requests and objections related to this Agreement shall be

sent to:

> Ari Marcus, Esq.
> Marcus & Zelman LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712

> and the Class Administrator chosen by the Parties.

Notices to SPS shall be sent to:

> Thomas M. Hefferon
> Goodwin Procter LLP
> 1900 N Street, NW
> Washington, DC 20036

> David S. Kantrowitz
> Goodwin Procter LLP
> 100 Northern Avenue
> Boston, MA 02210

> Warren S. Wolf, Esq.
> GOLDBERG & WOLF, LLC
> 1949 Berlin Road, Suite 201
> Cherry Hill, New Jersey 08003

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

45.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.  Notwithstanding the foregoing, Plaintiff has entered

into an individual settlement regarding allegations in the Litigation that fall outside the scope of the Release herein ("Individual Settlement"). The Parties agree that the existence of the Individual Settlement and its terms shall be disclosed to the Court in Plaintiff's Motions for Preliminary and Final Approval and in the Class Notices.

46.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

47.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class (other than those who exclude themselves), and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

48.     This Agreement shall be governed by and interpreted in accordance with the laws of the state of New Jersey.

49.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**Defendant:**                                              **Plaintiff:**

Select Portfolio Servicing, Inc.

_____       _____

By:                                             Theresa Gaffney

Dated:                                           Dated:

_____       _____

Thomas M. Hefferon                          Ari Marcus, Esq.

Goodwin Procter LLP                       Marcus & Zelman LLC

1900 N Street, NW                           701 Cookman Avenue, Suite 300

Washington, DC 20036                   Asbury Park, New Jersey 07712

202.346.4029                                  **Attorneys for Plaintiff**

THefferon@goodwinlaw.com

**Attorney for Defendant**