IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THERESA GAFFNEY, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**SELECT PORTFOLIO SERVICING, INC.,**<br><br>**Defendant.** | **Civil Case Number:**<br><br>**2:18-cv-12233-BRM-MAH** |

WHEREAS, on October 13, 2021, the Court entered a Preliminary Approval Order, which, *inter alia*, scheduled a Final Fairness Hearing for February 10, 2022;

WHEREAS, on November 12, 2021, the Class Notice was sent to Settlement Class Members in accordance with the Preliminary Approval Order and the procedures specified in the Settlement Agreement;

WHEREAS, only three (3) Settlement Class Members opted out of the Settlement;

WHEREAS, the Final Fairness Hearing was held on February 10, 2022.

Upon consideration of Plaintiff, Theresa Gaffney's ("Plaintiff" or "Class Representative") request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant") in the above-captioned lawsuit, the Court finds and concludes as follows:

1. This Court has jurisdiction over the subject matter of the Litigation, Plaintiff, Settlement Class members, and SPS.

2. This Order incorporates the definitions in the Agreement, and all terms used in this Order have the same meaning as set forth in the Agreement, unless otherwise defined herein. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3. The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for purposes of Settlement in that:: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members; (C) the claim of Plaintiff is typical of the Settlement Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Ari Marcus, Yitzchak Zelman, and Adam Deutsch are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

5. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

6. The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among

competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Settlement Class Representative and Defendant to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

7. The Class Representative has fairly and adequately represented the interests of Class Members in connection with the Settlement.

8. The three (3) persons who have timely and validly filed notices of intention to opt out are identified in Exhibit 2-3 to the Declaration of Class Administrator Dorothy Sue Merryman attached hereto ("Excluded Persons").

9. **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

   A. The Settlement set forth in the Agreement is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

   B. All Parties to this Litigation, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order. Excluded Persons identified in Exhibit 2-3 to the Declaration of Class Administrator Dorothy Sue Merryman are no longer parties to this Litigation and are not bound by the Agreement or the Settlement.

   C. The appointment of Theresa Gaffney as Class Representative is affirmed.

D. The appointment of Ari Marcus, Yitzchak Zelman, and Adam Deutsch as Settlement Class Counsel is affirmed.

E. The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23 (a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claim of the Class Representative is typical of the claims of the Settlement Class Members; (d) the Class Representative is an adequate representative for the Settlement Class and has retained experienced counsel to represent her; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

F. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

G. Upon the Final Approval Date, and in consideration of the promises and covenants set forth in the Agreement, the Class Representative, and each Class Member who did not successfully Opt Out, and each and every one of their respective spouses, children, executors, agents, representatives, guardians, wards, attorneys, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all persons who assert claims (or could assert claims) on their behalf or who are acting on their behalf or for their benefit

(or could assert claims) on their behalf or who are acting on their behalf or for their benefit (in their capacities as such) (collectively "Releasors"), hereby release and forever discharge SPS and its past, present, and future directors, officers (whether acting in such capacity or individually), trustees, owners, joint venturers, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, insurers, advisors, personal and legal representatives, assigns and assignees, predecessors, successors, parents, subsidiaries, divisions, departments, associates, related or affiliated entities, clients, including without limitation, express or implied, any persons or entities for whom SPS collects debts, or any agent, independent contractor, attorney, person or entity acting or purporting to act for SPS or on its behalf or on behalf of any other Released Party (collectively, "Released Parties"), from any causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands, in law or in equity, of any kinds whatsoever, known or unknown, direct or consequential, which Releasors now have or ever had against the Released Parties, from any claims that were made or that could have been made in this Litigation that arise out of or in any way concern the allegations in the Litigation or the underlying facts and circumstances including that SPS was seeking to collect an amount not authorized by the mortgage agreement creating the debt or otherwise not permitted by applicable law, for conduct occurring at any time on or before the Final Approval Date of the Settlement Agreement (collectively, "Claims"). The Releasors covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist instituting or prosecuting any

proceedings, or otherwise assert any Claims against any Released Party that are within the scope of Paragraph 20 of the Agreement. It is expressly agreed that the definition of Released Parties shall be construed to include any and all note owners, trustees, trusts, and any other entities that have any legal or equitable interest in the debt or loan that Plaintiff or any Settlement Class Member incurred or obtained bringing him, her or them within the scope of the Agreement, including without limitation the debt Plaintiff incurred or obtained on January 24, 2007, secured by the property at 100 Union Grove Road, Far Hills, NJ 07931, or in the security or mortgage lien in connection with the debt or loan.

H. The Class Representative and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Claims against any of the Released Parties.

I. The Class Representative, and all Settlement Class Members, are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

J. The plan for distributing Settlement payments to Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

K. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the

Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

L. The Class Representative is awarded $1,000.00, such amount to be paid from the Total Settlement Amount in accordance with the terms of the Agreement.

M. Class Counsel is awarded attorneys' fees and costs in the amount of $130,724.33, in accordance with the terms of the Agreement.

N. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Total Settlement Amount; (b) the Litigation, until the Final Approval Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

O. The Court approves the National Consumer Law Center as the *cy pres* recipient.

P. There being no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment. The Clerk of Court is directed to enter this Order on the docket forthwith. The above-captioned action is hereby **DISMISSED *with prejudice.***

Q. The Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

R. Upon the entry of this Order, the Class Representative and all Settlement Class Members shall be enjoined and barred from asserting any released Claims against Defendant and the Released Parties.

**IT IS SO ORDERED:**

_____
Honorable Brian R. Martinotti
District Judge, United States District Court

Dated: February 14, 2022